UNITED STATES DISTRICT COURT

Northern District of California

JOHN A. RUSSO,

        Plaintiff,

  v.

JOEL DICHTER, *et al.*,

        Defendants.

No. C 09-01608 MEJ

**ORDER RE PLAINTIFF'S MOTION TO REMAND [Dkt. #8] AND DEFENDANT DICHTER'S MOTION TO TRANSFER [Dkt. #6]**

Pending before the Court are Plaintiff John A. Russo's Motion to Remand (Dkt. #8), and Defendant Joel Dichter's Motion to Transfer (Dkt. #6). The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-10(b). After considering the parties' briefs, supporting materials, and controlling authorities, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Remand, and **DENIES AS MOOT** Defendant's Motion to Transfer.

## I. INTRODUCTION

Plaintiff initiated this action by filing a Complaint for Injunctive Relief and Damages in Marin County Superior Court. (Dkt. #1, attachment 1.) In his Complaint, Plaintiff alleges that he retained Defendant Dichter, an attorney licensed in New York, to represent him in an action to retrieve the internet domain name "print.com," which Plaintiff alleges his owns. (Compl. ¶¶9, 11.) Plaintiff and Dichter entered into an hourly fee agreement (the "Contract"). (Compl. ¶11.) According to Plaintiff, Dichter engaged the services of Defendants Kathryn Diemer and her law firm, Diemer, Whitman & Cardosi LLP ("DWC"), as local counsel to prepare pleadings, file documents, and make appearance in the district court. (Compl. ¶12.) Toward that end, DW&C filed a lawsuit in the district court for the Northern District of California on Plaintiff's behalf against five defendants, including Domain Deluxe and Nameview, which are named defendants in this action.[1] (Compl. ¶14.) According to Plaintiff, his counsel eventually negotiated a settlement with the

---

[1] Civil Case No. CV 07-3401 MMC, *John A. Russo v. Network Solutions, et al.*

defendants. (Compl. ¶19.) Plaintiff executed the Settlement Agreement with Domain Deluxe and Nameview on October 30, 2008, pursuant to which registration of the domain name would be transferred to Plaintiff's name. (Compl. ¶20.) Plaintiff charges that, despite the terms of the Settlement Agreement, on November 7, 2008, Defendant Dichter "maliciously and in bad faith registered the domain name print.com in Dichter's name with Defendant Nameview, Inc. and/or Defendant Directnic, rather than in Plaintiff Russo's name, thereby converting Plaintiff's valuable asset." (Compl. ¶22.) Additionally, Plaintiff alleges that during the course of the litigation, Dichter attempted to change the terms of their Contract and committed several ethical violations. (Compl. ¶¶16, 17, 23, 24.) With respect to Defendants Diemer and DWC, Plaintiff alleges that they, along with Defendant Dichter,[2] breached their obligations to Plaintiff under the Contract by: attempting to change the fee arrangement without his consent; failing to ensure that the domain name was properly registered in Plaintiff's name; expropriating and converting the domain name; and registering the domain name in Defendant Dichter's name. (Compl. ¶¶37, 41.) Based on these allegations, Plaintiff asserts claims for: (1) conversion; (2) breach of fiduciary duty; (3) breach of contract; (4) fraud; (5) constructive fraud; and (6) intentional interference with economic relations. Plaintiff also seeks both declaratory and injunctive relief.

On April 13, 2009, Defendant Dichter removed the action to this Court pursuant to 28 U.S.C. § 1441, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. #1 at 1-2.) Thereafter, on April 29, 2009, Defendant Dichter moved to transfer this action to the District Court for the Southern District of New York. The next day, Plaintiff filed his Motion to Remand this action back to Marin County Superior Court. Because the Court finds the Motion to Remand dispositive, the Court turns to that Motion first.

**II. DISCUSSION**

A.  Motion to Remand

In his Motion, Plaintiff argues that removal was improper because complete diversity does

---

[2] Plaintiff refers to Defendants Dichter, Diemer, and DWC collectively in his Complaint as the "Attorney Defendants." (Compl. ¶4.)

not exist between him and the named Defendants. Specifically, he contends that Defendant Diemer is a California citizen, and Defendant DWC is a limited liability partnership with its principal place of business in California. Because Plaintiff is also a citizen of California, he asserts that there can be no diversity of citizenship to support removal.

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case shall be remanded. *See* 28 U.S.C. § 1447(c). The Court "strictly construe[s] the removal statute against removal jurisdiction." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption against removal jurisdiction means that the defendant always has the burden of proving that removal is proper. *Id*. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

District courts have diversity jurisdiction over all civil actions between citizens of different states, or between citizens of a state and citizens or subjects of a foreign state, where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. When a plaintiff files in state court a civil action over which the federal district courts would have had original jurisdiction based on diversity of citizenship, the defendants may remove the action to federal court, provided that no defendant is a citizen of the state in which such action is brought. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 62 (1996) (citing 28 U.S.C. §§ 1441(a) and (b)).

"Although the usual rule is that all defendants in an action in a state court must join in a petition for removal, the rule of unanimity does not apply to nominal, unknown or fraudulently joined parties," or to parties who have not been served. *See United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (internal citations and quotations omitted); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Although unserved defendants need not join in the notice of removal, the citizenship of unserved defendants must be taken into account in determining whether complete diversity exists. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969); *accord New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998).

1  Here, Defendant Dichter cited diversity jurisdiction as the basis supporting removal of this
2 action to district court.  In his Motion to Remand, Plaintiff argues that remand is appropriate because
3 both he and Defendants Diemer and DWC are citizens of California, thereby destroying diversity
4 jurisdiction.  Examining Plaintiff's Complaint, Plaintiff expressly alleges that Defendant Diemer is a
5 resident of California, and that Defendant DWC is a California limited liability partnership, of which
6 Diemer is a member.  (Compl. at ¶¶3, 4.)  Thus, the burden is on Defendant Dichter to demonstrate
7 that, despite these allegations, diversity jurisdiction nevertheless exists.

8  Toward this end, in his Opposition Defendant Dichter argues that at the time he removed the
9 action from state court, removal was proper, in that, thirty days had passed from the date he was
10 served and no other defendant had been served.  (Opp. at 3.)  Defendant Dichter then proffers
11 authority - none of which is from the Ninth Circuit - for the proposition that removal is allowed
12 where an in-state defendant has not been served by the time the removal petition is filed.  Defendant
13 Dichter's argument, while legally correct, is misplaced.  The key inquiry here is not whether he can
14 properly remove an action from state court before an in-state defendant has been served, but whether
15 Defendant Dichter's stated basis for this Court's subject matter jurisdiction - namely, diversity
16 jurisdiction - exists in the first instance.  Defendant Dichter's argument regarding service therefore
17 does not save this matter from remand.

18  Alternatively, Defendant Dichter contends that Plaintiff fraudulently joined Defendants
19 Diemer and DWC to destroy diversity.  (Opp. at 3.)  "[O]ne exception to the requirement of
20 complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  *Morris v.*
21 *Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  "Joinder of a non-diverse defendant is
22 deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of diversity,
23 '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is
24 obvious according to the settled rules of the state.'"  *Id.* (quoting *McCabe v. General Foods Corp.*,
25 811 F.2d 1336, 1339 (9th Cir. 1987)).  Although the party seeking removal to the federal court is
26 entitled to present facts showing the joinder to be fraudulent by, for example, presenting evidence
27 that the defendant had " 'no real connection with the controversy,'" the Court does not consider
28

4

whether the allegedly fraudulently-joined defendant could propound a defense to an otherwise valid cause of action. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

Here, Defendant Dichter argues that Plaintiff has failed to allege any specific wrongdoing by any of the California defendants and that, at its base, Plaintiff's lawsuit is simply a fee dispute between him and Plaintiff. Plaintiff, however, maintains that both Defendant Diemer and DWC represented him in the underlying lawsuit, including with respect to the settlement agreement which forms part of the basis for this lawsuit. In particular, Plaintiff argues that Defendants Diemer and DWC owed him a fiduciary duty as their client, which they breached by failing to disclose matters relevant to Plaintiff's legal representation, including their co-counsel's alleged conversion of Plaintiff's property.

After reviewing the allegations in Plaintiff's Complaint and considering the parties' briefs and supporting declarations, the Court finds that Defendant Dichter has not established that Plaintiff included Defendants Diemer and DWC merely as sham defendants. It is undisputed that Defendants Diemer and her law firm were Plaintiff's attorneys of record in the underlying lawsuit from its initiation until at least March of 2008, at which time the Court granted Defendant Dichter's *pro hac vice* application. (*See* Case No. 07-3401 MMC, Dkt. #83.) It is also clear from Plaintiff's Complaint that his claims are based on allegations that his legal counsel in that lawsuit failed to disclose certain information to him and failed to prevent and/or advise him that Defendant Dichter was registering the domain name in his own name, rather than Plaintiff's. Taken together, Plaintiff has asserted cognizable causes of action against Defendants Diemer and DWC and has set forth allegations - although minimal - concerning Defendants Diemer and DWC's actions in support of those claims. The Court therefore cannot find that Plaintiff included Defendants Diemer and DWC in a strategic effort to destroy diversity jurisdiction.

In sum, because Plaintiff and Defendants Diemer and DWC are citizens of California, diversity jurisdiction does not exist in this matter. Because there is no federal claim in play, there is no basis for subject matter jurisdiction. The Court therefore **GRANTS** Plaintiff's request to remand

this matter to state court.

In his Motion, Plaintiff also requests that the Court award his costs and fees incurred in seeking remand of this matter. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Ninth Circuit has held that district courts have "wide discretion" under § 1447(c) to decide whether to award attorney's fees and costs when remanding a case. *See Moore v. Permanente Med. Group*, 981 F.2d 443, 447 (9th Cir. 1992). The Court has considered Plaintiff's argument in support of an award of fees and costs and, in the exercise of its discretion, finds that such an award is unwarranted in this case. Although the Court has concluded that Plaintiff has not included Defendants Diemer and DW&C as "sham defendants" to destroy diversity, resolution of this issue was a close call, as Plaintiff's Complaint contains minimal allegations about these defendants' involvement in the events giving rise to his claims. The Court therefore **DENIES** Plaintiff's request for an award of attorney's fees and costs.

B.   Motion to Transfer

Because the Court finds that remand of this action is appropriate, it **DENIES AS MOOT** Defendant Dichter's Motion for Transfer Venue.

### III.   CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Remand (Dkt. #8) as follows: The Court **GRANTS** Plaintiff's request to remand this action to the Marin County Superior Court. The Court, however, **DENIES** Plaintiff's request for fees and costs.

Further, the Court **DENIES AS MOOT** Defendant Dichter's Motion to Transfer Venue (Dkt. #6).

**IT IS SO ORDERED.**

Dated: August 5, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge